IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REGGIE LEE RUMPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-522-RAH-CWB |
| ) | |
| NURSE THOMAS and ) | |
| NURSE GREEN, ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, proceeding *pro se*, filed this action while at the Elmore Correctional Facility. (Doc. 1). By Order entered October 4, 2023, Plaintiff was informed that he also must submit either the $402.00 in required fees or a properly completed application for leave to proceed *in forma pauperis*. (Doc. 3). Although a copy of the Order was mailed to Plaintiff at his address of record, it was returned by the postal service on October 19, 2023 as "Return to Sender, Unassigned, Return to Sender, Vacant, Unable to Forward." The court thereafter entered an Order on November 1, 2023 specifically requiring Plaintiff to file notice of his current address. (Doc. 4). That Order likewise was returned as undeliverable and marked "Return to sender, not deliverable as addressed, unable to forward."

The undersigned views Plaintiff's failure to update the court and/or monitor the status as reflecting a lack of interest in the continued prosecution of this case, which cannot proceed absent his active participation. Under the particular circumstances presented, the undersigned finds that any lesser sanctions than dismissal would not be appropriate. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own

1

affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket" and that "[t]he sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice"). Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed by **December 6, 2023**. An objecting party must identify the specific portion of any factual findings or legal conclusions to which objection is made and must describe in detail the basis for the objection(s). Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1. No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this 22nd day of November 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**